UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHEANDREATE HIL, LAQUISHA BEASLEY, and ANTELENA WILLIAMS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) Case No.: ) ) COLLECTIVE ACTION |
| v. | ) ) |
| MAPCO EXPRESS, INC. | ) JURY DEMAND ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Pheandreate Hil, Laquisha Beasley and Antelena Williams (collectively "Plaintiffs"), by and through the undersigned counsel, in their individual capacities, and on behalf of a proposed collective of similarly-situated female employees, bring this action to address gender discrimination in employee pay practices perpetrated by Defendant, Mapco Express, Inc., ("Mapco") in violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206, *et seq*. Based on their personal knowledge with regards to Plaintiffs and Plaintiffs' actions, and on information and belief as to all other matters, Plaintiffs allege as follows:

### THE PARTIES
*Plaintiffs*

1. Plaintiff Pheandreate Hil ("Ms. Hil") is an adult female residing in Memphis, Tennessee. From approximately April 2015 to July 2017, Ms. Hil was an employee of Mapco, as defined by the Equal Pay Act. From approximately April 2015 until the date she left in July 2017, Ms. Hil was a salaried Store Manager at Mapco. As a Store Manager, Ms. Hil was consistently and systematically paid less than her male counterparts for the same work. Ms. Hil executed a

Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit A**.

2. Plaintiff Laquisha Beasley ("Ms. Beasley") is an adult female residing in Memphis, Tennessee. From approximately 2015 until late 2017, Ms. Beasley was an employee of Mapco, as defined by the Equal Pay Act. From approximately Mid-2015 until she left, Ms. Beasley was a salaried Store Manager at Mapco store #3271 located on E. Shelby in Memphis, Tennessee. As a Store Manager, Ms. Beasley was consistently and systematically paid less than her male counterparts for the same work. Ms. Beasley executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit B**.

3. Plaintiff Antelena Williams ("Ms. Williams") is an adult female residing in Chattanooga, Tennessee. From approximately December 2014 until December 2018, Ms. Williams was an employee of Mapco, as defined by the Equal Pay Act. From approximately June 2016 until she left, Ms. Williams was a salaried Store Manager at Mapco's store located on Brainerd Road in Chattanooga, Tennessee. As a Store Manager, Ms. Williams was consistently and systematically paid less than her male counterparts for the same work. Ms. Williams executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit C**.

*Defendant*

4. Defendant Mapco operates a chain of gas and convenience stores located in several states, with its principal place of business located at 801 Crescent Centre Dr., #300, Franklin, Tennessee 37067.

5. Upon information and belief, Mapco is a wholly owned subsidiary of Companie de Petróleas de Chile COPEC S.A. ("COPEC"). Mapco operates under the banners Mapco Express, Mapco Mart, Fast Food and Fuel, Favorite Markets, Delta Express and Discount Food Mart.

Mapco operates approximately 346 retail gasoline and convenience stores with locations in Mississippi, Tennessee, Alabama, Arkansas, Virginia, and Kentucky.[1] It is one of the largest company-operated convenience store chains in the United States, and one of the leading convenience store operators in the Southeast.

6. At all times relevant to this action, Mapco was an employer as defined by the Equal Pay Act.

7. At all times relevant to this action, Mapco acted as Plaintiffs' employer.

8. At all times relevant herein, Mapco has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all times relevant herein, Mapco has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Mapco has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.00.

11. Defendant, Mapco, is a Tennessee corporation.

12. Plaintiffs assert Count I of this Complaint, on behalf of themselves individually and as a collective of similarly situated female employees, for violations of the Equal Pay Act ("EPA

---

[1] https://www.mapcorewards.com/about/

Collective"). Plaintiffs seek to recover damages for the EPA Collective and themselves, including, but not limited to, back pay, liquidated damages, reasonable attorneys' fees, and litigation costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this suit pursuant to the Equal Pay Act of and 28 U.S.C. § 1331.

14. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). Mapco is headquartered in Franklin, Tennessee, within this District.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

16. Mapco has 346 corporate-owned conveniences stores operating primarily in Tennessee, Alabama, and Georgia, with additional locations in Arkansas, Virginia, Kentucky, and Mississippi.

17. Mapco is headquartered at 801 Crescent Centre Dr., #300, Franklin, TN 37067.

18. Within Mapco's convenience stores, Mapco maintains strict, centralized control over its employees. In order to maintain this control, Mapco has a rigid top down, hierarchical corporate structure.

19. Store Managers working in Mapco's convenience stores report directly to a District Manager.

20. Upon information and belief, Mapco's District Managers report to its Regional Managers.

21. Mapco's District Managers, in conjunction with Mapco's executive leadership, execute a top down wage policy, which consistently, systematically, and willfully pays female

salaried Store Managers less than their male colleagues who work in the same position and perform the same work.

22. Mapco's deliberate gender discrimination against women manifests itself in the pay rate of salaried Store Managers throughout Mapco's convenience stores.

23. The wage disparity between female and male salaried Store Managers within Mapco's convenience stores is based solely on gender.

### PLAINTIFF PHEANDREATE HIL'S EXPERIENCE AS A MAPCO EMPLOYEE

24. Ms. Hil began working at a Mapco in April 2015.

25. From approximately April 2015 to July 2017, Ms. Hil worked at Mapco as a Store Manager. Ms. Hil worked in multiple stores in Memphis, Tennessee including, but not limited to, the Mapco stores located at E. Brooke Road and South 3rd Street, the Mapco store on Winchester Road, and the Mapco store on E. Shelby Drive.

26. Ms. Hil's last position within Mapco was as a salaried Store Manager, a job which she left on or about July 2017.

27. When Ms. Hil was hired as a Store Manager, her salary was approximately $32,000 per year.

28. Ms. Hil was aware at the time she was hired that her starting salary was less than males who were being hired at Mapco, with the starting salaries of males who were hired being $10,000.00 a year more than female store managers.

29. Ms. Hil was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Mapco had no basis, other than gender, to pay Ms. Hil less than her male colleagues. Mapco's actions were deliberate and willful violations of the Equal Pay Act.

### PLAINTIFF LAQUISHA BEASLEY'S EXPERIENCE AS A MAPCO EMPLOYEE

30. Ms. Beasley began working at a Mapco in 2015.

31. Ms. Beasley worked at Mapco's East Shelby location in Memphis, Tennessee between her date of hire and when she left in late 2017.

32. Ms. Beasley's last position within Mapco was as a salaried Store Manager from approximately Mid-2015 until she left in late 2017.

33. When Ms. Beasley was hired, her salary was approximately $34,000 per year, and when she left, her salary was still approximately $34,000 per year.

34. Around the time she was hired by Mapco, Ms. Beasley became aware that that her starting salary was less than males hired by Mapco as the males had starting salaries of up to $15,000.00 more than Ms. Beasley.

35. Ms. Beasley was also aware that when it came time for a bonus or raise, the male Store Managers were getting larger raises and/or bonuses than the female Store Managers.

36. Ms. Beasley was an exemplary employee for Mapco, and was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Mapco had no basis, other than gender, to pay Ms. Beasley less than her male colleagues. Mapco's actions were deliberate and willful violations of the Equal Pay Act.

**PLAINTIFF ANTELENA WILLIAMS'S EXPERIENCE AS A MAPCO EMPLOYEE**

37. Ms. Williams began working at a Mapco in 2014.

38. Ms. Williams worked at Mapco's on Brainerd Road and Amlibola Highway, both of which were located in Chattanooga, Tennessee between her date of hire and when she left in December 2018.

39. Ms. Williams's last position within Mapco was as a salaried Store Manager; a title she held from approximately June 2016 to December 2018.

40. Ms. Williams was hired at approximately $35,000 per year, and when she left, her salary was still approximately $35,000 per year.

41. Around the time she was hired, Ms. Williams became aware that her starting salary was less than that of the male Store Managers hired by Mapco.

42. Ms. Williams was also aware that the when it came time for a bonus or raise, the male Store Managers were getting larger raises and/or bonuses than the female Store Managers.

43. Ms. Williams was an exemplary employee for Mapco who was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Mapco had no basis, other than gender, to pay Ms. Williams less than her male colleagues. Mapco's actions were deliberate and willful violations of the Equal Pay Act.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT

44. Mapco has engaged in systemic gender discrimination against its female employees. Mapco has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

45. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in Mapco's convenience stores.

46. Plaintiffs bring this claim for violations of the Equal Pay Act as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the EPA Collective. The EPA Collective is defined as follows:

> All female employees who are or have been employed by Defendant Mapco as salaried Store Managers from three (3) years prior to the filing date of this Complaint up until judgment is entered in this action.

47. Plaintiffs seek to represent all female Store Managers, as described above, who were paid less than male employees for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

48. Questions of law and fact common to the EPA Collective and Plaintiffs include but are not limited to the following:

    a. Whether Mapco unlawfully failed and continues to unlawfully fail to compensate female Store Managers at a level commensurate with comparable male employees;

    b. Whether Mapco's policy, practice, or procedure of failing to compensate female Store Managers at a level commensurate with comparable male employees violates the applicable provisions of the Equal Pay Act; and

    c. Whether Mapco's failure to compensate female Store Managers at a level commensurate with comparable male employees was willful within the meaning of the Equal Pay Act.

49. Plaintiffs' Equal Pay Act claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiffs are similarly situated to the female employees described in the EPA Collective. Plaintiffs' claims are similar to the claims asserted by the EPA Collective.

50. Plaintiffs and the EPA Collective are (a) similarly situated; and (b) are subject to Mapco's common compensation policies, practices and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female Store Managers at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

# COUNT I
## (INDIVIDUAL AND COLLECTIVE ACTION CLAIM)
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206, *ET SEQ*. DENIAL OF EQUAL PAY FOR EQUAL WORK
### (Asserted by Plaintiffs and the Collective Action Members)

51. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

52. This Count is brought on behalf of Plaintiffs and all members of the EPA Collective against Defendant Mapco.

53. Mapco is an employer of Plaintiffs and the members of the EPA Collective within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, *et seq.*, as amended by the Equal Pay Act.

54. Mapco has discriminated against Plaintiffs and the members of the EPA Collective by paying them less than similarly situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

55. Defendant discriminated against Plaintiffs and the members of the EPA Collective by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries in violation of the Equal Pay Act.

56. The differential in pay between Plaintiffs and the members of the EPA Collective and similarly situated male employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was, in fact, due exclusively to sex.

57. Mapco caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

58. Mapco intentionally paid Plaintiffs and the members of the FLSA Collective less than similarly situated male employees in violation of the Equal Pay Act. The foregoing conduct

constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because Mapco has willfully violated the Equal Pay Act, a three (3) year statute of limitations applies to such violations pursuant 29 U.S.C. § 255(a).

59. As a result of Mapco's unlawful conduct, Plaintiffs as well as the members of the EPA Collective suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

60. Plaintiffs and the EPA Collective are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the EPA Collective, prays that this Court:

A. Designate this action as a collective action on behalf of the proposed EPA Collective and

   a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the EPA Collective, which (1) apprises them of the pendency of this action, and (2) permits them to assert timely Equal Pay Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

   b. Equitable Tolling of the statute of limitations on the claims of all members of the EPA Collective from the date the original complaint was filed until the members of the EPA Collective are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Plaintiffs' chosen counsel as counsel for the EPA Collective;

C. Issue an injunction requiring Defendant to cease their unlawful practices;

D. Declare and adjudge that Mapco's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Equal Pay Act;

E. Award back pay to Plaintiffs and the members of the EPA Collective, including a sum to compensate Plaintiffs and the members of the EPA Collective for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Plaintiffs and the members of the EPA Collective in the maximum amount available under the Equal Pay Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to counsel for the Plaintiffs and the members of the EPA Collective;

H. Award Plaintiffs and the members of the EPA Collective pre-judgment and post-judgment interest available under the Equal Pay Act;

I. Award Plaintiffs and the members of the EPA Collective any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the EPA Collective demand a trial by jury on all issues so triable.

Dated: June 4, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**BARRETT JOHNSTON MARTIN & GARRISON, LLC**
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**MARC S. HEPWORTH***
**CHARLES GERSHBAUM***
**DAVID A. ROTH***
**REBECCA S. PREDOVAN***
**HEPWORTH GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212)545-1199
Facsimile: (212) 532-3801

mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com
rpredovan@hgrlawyers.com

**Pro hac vice* application forthcoming

**ATTORNEYS FOR PLAINTIFFS**